Mamie FRANKLIN, individually and as Executrix of the Estate of Sherley E. Franklin, Plaintiff Below, Appellant,

v.

Maria V. SALMINEN, Defendant Below, Appellee.

Supreme Court of Delaware.

Aug. 1, 1966.

William D. Bailey, Jr., of Bayard, Brill, Russell & Handelman, Wilmington, for appellant.

Richard I. G. Jones, of Prickett & Prickett, Wilmington, for appellee.

WOLCOTT, Chief Justice, CAREY, Justice, and SHORT, Vice Chancellor, sitting.

WOLCOTT, Chief Justice.

This is an appeal from the Superior Court in a personal injury action from a judgment for the defendant entered on the jury's verdict.

Defendant operates an egg farm. Plaintiff purchases eggs for her restaurant from the defendant.

On the defendant's farm is an egg house to which each day are brought the eggs collected on the farm. In the egg house the eggs are then cleaned in washing tubs, graded and sorted. During this process, broken eggs and dirt from the eggs are spilled on the cement floor of the egg house. After the egg-cleaning process is completed, the defendant washes down the cement floor of the egg house with a hose and broom. Thereafter the eggs are stacked along the walls of the egg house.

On the day on which the injury to the plaintiff took place, the defendant had completed washing down the egg house floor when the plaintiff came to her farm to purchase eggs. She and the defendant went into the egg house and plaintiff placed an order for eggs. Plaintiff at this time noticed the egg house floor was wet. Plaintiff, prior to this time, had been in the egg house numerous times and had noticed that the floor was oftentimes wet.

Plaintiff and defendant carried out a portion of plaintiff's order to her car. Plaintiff then went back into the egg house for the balance of her order when she slipped and fell, breaking her hip.

There was no evidence that there was any foreign substance or thing on the floor which might have caused the plaintiff to slip. The evidence was that the cement floor had no defects at the time, but that it had water upon it. This was observed by the plaintiff.

In this appeal plaintiff argues that the trial judge committed error in instructing the jury. Specifically, plaintiff says the refusal of the trial judge to instruct on the basis of Howard v. Food Fair, Inc., Del., 201 A.2d 638, was prejudicial error.

In the Howard case we held that a customer in a store has the right to assume that the floor is safe to walk upon and is free from obstacles. We further held that a customer walking along an aisle lined with shelves displaying merchandise is excused from keeping a constant lookout to observe a dangerous condition on the floor. The plaintiff in the Howard case fell while walking along one of the aisles of the store when she slipped upon a greasy substance on the floor which she had not noticed.

Plaintiff drafted a requested instruction patterned upon our language in the Howard case. The requested instruction was based upon the theory that defendant's egg house was similar to a store because defendant had eggs stacked along the walls and occasionally took customers in for purchases.

We think, however, the requested instruction was properly refused. In the first place, the defendant's egg house, we think, was not a store—at least, not a store in the sense of a Food Fair supermarket. Secondly, crates or cartons of eggs stacked along the walls are not comparable to a display of varied merchandise in shelves designed to attract the customer's eye.

Of more importance, however, to distinguish this case from the Howard case, is the fact that the plaintiff had observed that the egg house floor was wet. This is a material difference which makes the Howard case inapplicable for in it the plaintiff noticed nothing about the floor.

An invitee who has knowledge of a possibly dangerous condition and who subjects himself to the danger cannot recover for injuries caused by the condition. Rhein v. Wark & Co., 4 Storey 10, 174 A.2d 132. The failure to exercise reasonable care in the light of a known condition which ultimately causes injury will make the party so failing guilty of contributory negligence. Robelen Piano Company v. Di Fonzo, 3 Storey 346, 169 A.2d 240.

Since plaintiff at bar knew that the floor on which she slipped was wet, this rule is applicable and she was not entitled to a charge based on the Howard case.

Next, plaintiff complains of the instructions given on the question of assumption of risk. In Robinson v. Meding, 2 Storey 578, 163 A.2d 272, 82 A.L.R.2d 1176, we held that if a plaintiff knows of the existence of a risk, appreciates the danger of it and nevertheless does not avoid it, he will be held to have assumed the risk and may not recover for his injuries.

Plaintiff says that no instructions should have been given on the point at all because the record is devoid of any evidence that she knew of the danger arising from the wet condition of the floor. However, she knew the floor was wet when she walked on it, and she must be presumed to

have known that the wetness might make it slippery. We think there was sufficient to justify the instructions.

Plaintiff also says that the trial judge failed to instruct the jury adequately that the burden of proof was on the defendant to prove the defense of assumption of risk. She also contends that the trial judge failed adequately to instruct the jury that for her negligence to be a defense, it must be found to be a proximate cause of the injury.

We have examined the entire charge and are of the opinion that it adequately instructed the jury upon the questions of burden of proof and proximate cause. To be sure, the instruction does not occur at the precise place plaintiff says it should have occurred, but this makes no difference since a party has no right to a fixed sequence in the charge. Greyhound Lines, Inc. v. Caster, Del., 216 A.2d 689.

The judgment below is affirmed.