Phyllis HOKSCH and Monroe Hoksch,
Plaintiffs,

v.

STRATFORD APARTMENTS, INC., a Delaware Corporation, Defendant.

Superior Court of Delaware,
New Castle.

Aug. 18, 1971.

Victor F. Battaglia, of Biggs & Battaglia, Wilmington, for plaintiffs.

William D. Bailey, Jr., of Bayard, Brill & Handelman, Wilmington, for defendant.

## OPINION

STOREY, Judge.

On the night of February 9, 1969, the plaintiff Phyllis Hoksch was apparently

notified that her sister, who was then living in an apartment building owned by the defendant, had been injured in a fall. Mrs. Hoksch summoned a doctor, and together they drove to defendant's apartment building. The complaint alleges that while Mrs. Hoksch was proceeding up the sidewalk from a parking lot to the building, she slipped and fell. On April 30, 1970, plaintiffs filed this suit asking for an award of damages for injuries resulting from the fall, which they claim was occasioned by defendant's negligence in not keeping the sidewalk free from ice.

Defendant now moves for summary judgment on the grounds that (1) plaintiffs' suit is barred by 25 Del.C., Sec. 1421, and (2) plaintiff Phyllis Hoksch was guilty of contributory negligence.

As to the first point, 25 Del.C., Sec. 1421, provides:

> "No person who comes onto premises occupied by another person as his guest without payment shall have a cause of action for damages against the occupier of the premises unless such accident was intentional on the part of the occupier or was caused by his wilful or wanton disregard of the rights of others."

Defendant asserts that since Mrs. Hoksch was not a tenant of defendant's apartment building, she falls within the category of non-paying guest and therefore cannot recover.

■ Plaintiffs' attorney has suggested that defendant was not an occupier of the sidewalk on which Mrs. Hoksch is said to have fallen. However, since I must view the facts in the light most favorable to the plaintiffs in this motion for summary judgment, I will assume throughout this discussion that the sidewalk was under the occupancy and exclusive control of the defendant.

■ In the absence of a statute such as 25 Del.C., Sec. 1421, the liability of an occupier of land to one who is injured on his premises might be determined according to the status of the injured party as trespasser, licensee or invitee. See the discussion in Annot., 95 A.L.R.2d 992 (1964). I realize that many courts now look more to the functional relationship between the parties than at these artificial labels. See, for example, Taylor v. New Jersey Highway Authority, 22 N.J. 454, 126 A.2d 313 (1956). However, since the Delaware legislature has chosen to characterize those who seek recovery against occupiers of land as either paying or non-paying guests, I must decide the instant case by relying on the traditional analysis. Under this approach, payment is considered to have been made to the occupier if the presence of the guest, or business invitee as he may also be called, confers a benefit upon the occupier, whether the benefit be in the form of a cash payment or otherwise. Richmond v. Knowles, 265 A.2d 53 at 56 (Del.Super.Ct.1970).

Wool v. Larner, 112 Vt. 431, 26 A.2d 89 (1942) is a case often cited in this area. There defendants owned two tenements separated by a common driveway. Plaintiff, a visitor to one of the tenements, was injured in a fall on the driveway. The Court characterized her as a business visitor. Of her visit, the Court said that "The owner, in contemplation of law gains something from the arrangement, though his advantage need not be a pecuniary one." Wool v. Larner, *supra*, at 92.

Similarly, the Supreme Court of New Hampshire in Menard v. Cashman, 94 N.H. 428, 55 A.2d 156 (1947) found that a landlord had a business interest in the public's being able to enter his building by a common stairway to visit tenants.

In Snyder v. I. Jay Realty Co., 30 N.J. 303, 153 A.2d 1 (1959) the Supreme Court of New Jersey found liability on the part of a landlord when one of his tenant's visitors was injured in a fall on a common loading platform. The Court quoted with approval from the Restatement of Torts,

Section 332, comment "h": "the lessor 'has a business interest in the use of these facilities by any person whom his lessee may choose to admit * * *'." Snyder v. I. Jay Realty Co., *supra*, at 7.

Analogizing to the case before me, I find that the defendant does indeed have a business interest in the ingress and egress of those whom its tenants would admit to the premises. It is fair to conjecture that it would be difficult if not impossible for a landlord to lease an apartment with the stipulation that the lessee was prohibited from inviting any people whomsoever to that apartment, regardless of the purpose of the visit. It is obvious that the ability to allow social guests, deliverymen, movers and other such visitors to come to a rented apartment is part of the attractiveness of living in such a place. Without this benefit, the number of a landlord's prospective tenants would be greatly diminished. Therefore I do not believe that it strains the imagination to find that an occupier of land may be benefited by visits from those whom he has not expressly invited.

Defendant raises the point that Mrs. Hoksch's sister, whom Mrs. Hoksch was on the way to visit when the accident occurred, was herself a guest without payment, since she was exempt from paying rent at the time of the accident. Defendant urges that Mrs. Hoksch cannot have been a paying guest since her sister was not. Assuming that the sister was indeed living rent free at the time, I point out here that my ruling is not based on Mrs. Hoksch's sister's status vis-a-vis the defendant, but upon Mrs. Hoksch's relationship with the defendant in her own right. See Snyder v. I. Jay Realty Co., *supra*, at 6. See also the Restatement (Second) of Torts, Section 332, comment

"k" (1965): "A person may be a business visitor of a lessor of land although he is merely a gratuitous licensee of the lessee."

Since I find that Mrs. Hoksch was not a guest without payment, her suit is not barred by 25 Del.C., Sec. 1421.

Defendant's second point is that Mrs. Hoksch knew of the condition of the sidewalk before setting out over it and that therefore under the ruling in Franklin v. Salminen, 222 A.2d 261 (Del.1966) she was negligent and assumed the risk of falling when she attempted to use the sidewalk. In Franklin v. Salminen, *supra*, our Supreme Court ruled that one who knowingly sets out upon a wet floor is not entitled to have the jury instructed that he may assume the floor to be safe to walk upon, nor may he complain of an instruction on assumption of risk.

I believe there are important factual differences between the instant case and Franklin v. Salminen, *supra*. There is evidence that Mrs. Hoksch, realizing the conditions prevailing that evening, took precautions in dressing to avoid a fall in that she wore some type of overshoe. Too, she alleges that her fall was caused by ice rather than wetness. While in her deposition she states that she noted that the sidewalk was wet, she also indicated that the sidewalk had previously been cleared of ice and snow. Whether Mrs. Hoksch should have inferred from all the existing circumstances that there probably was ice on the walk is a question of fact. I therefore cannot find that as a matter of law her use of the sidewalk was negligence.

The motion for summary judgment against plaintiffs is denied.

It is so ordered.