**DISABATINO BROTHERS, INC., a Delaware Corporation, Defendant below, Appellant,**

v.

**Dominick BAIO and Anna P. Baio, Plaintiffs below, Appellees,**

v.

**RANKIN DEVELOPMENT CO., INC., a Delaware Corporation, Defendant below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 24, 1976.

Decided Oct. 19, 1976.

Roger Sanders, of Prickett, Ward, Burt & Sanders, Wilmington, for defendant below, appellant.

Victor F. Battaglia, of Biggs & Battaglia, Wilmington, for plaintiffs below, appellees.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

McNEILLY, Justice.

In this negligence action the defendant, DiSabatino Brothers, appeals a Superior Court judgment awarding plaintiff, Dominick Baio, $150,000 for personal injuries and loss of future earning capacity. Plaintiff, Anna P. Baio, was awarded $25,000 for loss of consortium. Eight grounds for reversal are argued which we will consider seriatum.

## I

Plaintiff, Dominick Baio, an employee of Robino-Ladd Company, worked as an inspector of houses constructed by his employer in a development known as Deacon's Walk. While driving on an unpaved street in the development, his automobile struck a raised sewer-manhole cover constructed by, and under the control of, DiSabatino Brothers. Plaintiff suffered a herniated disc in his lower lumbar spine, but continued working for ten months until the spinal injury, coupled with severe emotional problems proximately caused by the physical injury, rendered him unable to work thereafter and totally disabled.

## II

■ The defendant argues that plaintiff knew or should have known of the dangerous condition of the manhole cover, relieving DiSabatino of any duty to warn plaintiff as a licensee or invitee. See *Maher v. Voss*, Del.Supr., 9 Terry 45, 98 A.2d 499, 504 (1953) (duty owed licensee is to not willfully injure or knowingly expose to hidden dangers); *Restatement of Torts 2d* § 343 (duty owed invitee is to warn of unreasonable risk that possessor knows or should know of by the exercise of reasonable care and which invitee would not be expected to discover). Plaintiff entered Deacon's Walk as an invitee on his employer's business and necessarily travelled on the roads of that development, which were under the control of defendant. *Hercules Power Company v. DiSabatino*, Del.Supr., 188 A.2d 529, 533 (1963). We further conclude that there was substantial evidence that plaintiff was unaware of the dangerous condition of the sewer-manhole cover and that it was not a condition that he should have been aware of; thus the Trial Court's denial of defendant's motion for a new trial on this issue will not be disturbed, as there was no abuse of discretion. *Chavin v. Cope*, Del.Supr., 243 A.2d 694, 695 (1968).

## III

■ Defendant's second contention is that plaintiff was aware of the dangerous condition and was contributorily negligent as a matter of law. The case of *Franklin v. Salminen*, Del.Supr., 222 A.2d 261 (1956), is cited for the proposition that failure to exercise reasonable care in the face of a known danger constitutes contributory negligence. 222 A.2d at 262. As the jury chose to believe the plaintiff's testimony as to the apparency of the danger, we find this argument to be without merit.

## IV

The defendant next argues that it was improper for the Trial Court to permit the jury to consider Occupational Safety and Health Act (O.S.H.A.) (29 U.S.C. § 651 *et seq.*) regulations as relevant to the proper standard of care required by law of the defendant. There was no error in permitting plaintiff to cross-examine defendant's witness, who was experienced in the construction field and familiar with the regulations. See *Hercules Power Company v. DiSabatino*, supra, at 533. In its instructions to the jury the Trial Court stated:

"I have just discussed with you the basic duties and obligations owed by persons who occupy the position of the de-

fendant. These are the standards which are the measure of duty and care owed by the defendant as a reasonable man in charge of the premises. In measuring these standards you may look to certain guidelines which themselves, however, *do not create a specific duty*. There are some federal regulations or safety standards which have been promulgated but which do not apply or find any specific application to the job here under way, and I shall read very brief exerpts from the standards.

\* \* \* \* \* \*

"Although these brief excerpts are lengthy and complex regulations, they did not apply to this particular job and found no application on this job. These standards have been applied to some jobs, and *they may be considered* by you in determining what a reasonable man would or should do in regards to a job as to which these standards do not find application."

(emphasis added).

■ Defendant argues the instruction was erroneous because (1) the O.S.H.A. regulations are intended to protect an employee only from his employer, (2) the O.S.H.A. sets forth its own penalties (29 U.S.C. § 666), which do not include civil liability, and (3) the regulations applied did not cover the work performed by the defendant. From the substance of the jury instructions it is clear to us that these arguments are without merit, as the regulations were not the basis of this cause of action. Cases holding that the O.S.H.A. does not create an independent cause of action are therefore inapplicable to the resolution of this issue. See e.g., *Fawvor v. Texaco, Inc.*, E.D.Tex., 387 F.Supp. 626, 629 (1975). The regulations were intended to apply to circumstances similar to the construction here undertaken by the defendant, and as such are relevant to assist the jury in determining the proper standard of care required of the defendant. Their admission for this purpose, and instructions thereon, were matters within the sound discretion of the Trial Court, and we find no abuse of that discretion.

V

■ Fourth, the defendant argues that the Trial Court erred in permitting a witness for the plaintiff to testify as to a similar occurrence in Deacon's Walk. The record shows that it was not referred to as an "accident" or identified as involving a raised sewer-manhole cover; the only reference made was to an "incident" in the development. The jury was then excused, and after it became apparent that the witness's testimony concerned an occurrence at a location different from that in question here, the Trial Court prohibited further testimony by the witness. Though it appears to the Court that no prejudice resulted from the witness's testimony, we are satisfied that the Trial Court's subsequent instructions to disregard the testimony cured any adverse effect it might have had.

VI

■ The fifth contention of defendant is that the Trial Court erred in permitting plaintiff's witness to testify as to the present value of lost future earnings of the primary plaintiff. The evidence adduced at trial showed the plaintiff to be physically and emotionally incapacitated, even though he had worked ten months after the accident. Plaintiff refused to submit to corrective surgery which would have an eighty per cent probability of curing his physical disability. The defendant asserts that this refusal renders evidence of lost future earnings immaterial, there being no showing of a total disability.

We disagree with the defendant. Psychiatric testimony indicated that even if the operation was successful there would be no guarantee that plaintiff's emotional condition (severe anxiety and depression) would improve to the point that he could

**512**

once again be gainfully employed; similarly, the evidence indicated that plaintiff's refusal to consent to the operation was proximately caused by his deteriorated emotional state which in turn was a product of the accident. Under these circumstances we are satisfied that plaintiff's refusal to undergo surgery was justified; his total disability supported by the evidence, and the evidence of the present value of lost future earnings properly admitted.

### VII

We consider the defendant's final contentions together, as they focus on objections to jury instructions given by the Trial Court. We find them to be without merit.

■ (1) It was not error to refuse to instruct the jury on the question of careless driving on the part of the plaintiff, as requested by the defendant. Such an instruction would be merely cumulative and add nothing to instructions given on contributory negligence. This was a matter within the sound discretion of the Trial Court, and we find no abuse of discretion.

■ (2) Similarly, the defendant contends that it was error to refuse to instruct the jury that plaintiff's conduct must be judged by the standard of the "reasonable construction superintendent." We conclude that this instruction would add nothing to the jury's understanding of the case nor to the burden to be proved by the plaintiff. Once again we find no abuse of discretion.

■ (3) Finally, the defendant asserts that the jury was improperly instructed on the defendant's duty to warn the plaintiff of dangers the plaintiff would not be expected to discover. After examination of the record we find that the instruction properly covered the issue and was in accord with the law of this State.

\*  \*  \*  \*  \*  \*

Affirmed.