Sharon FORD and Albert F. Ford, her husband, Plaintiffs,

v.

JA–SIN, a registered partnership in the State of Delaware, Richard J. Jaeger, individually and as a partner in Ja–Sin, and Ruth E. Sincock, individually and as a partner in Ja–Sin, Defendants.

Superior Court of Delaware, New Castle County.

Submitted May 9, 1980.

Decided Sept. 5, 1980.

David E. Brand, Wilmington (argued) of Schnee & Castle, Wilmington, for plaintiffs.

Robert K. Pearce, Wilmington (argued) of Trzuskowski, Kipp, Agostini & Kelleher, Wilmington, for defendants.

O'HARA, Judge.

Presently before the Court in this stairway trip–and–fall case is a defense motion for summary judgment. Reading the record in a light most favorable to the non–moving parties, *Bailey v. Pennington*, Del. Supr., 406 A.2d 44 (1979), the following facts appear.

On September 28, 1975, defendant[1] leased a residential dwelling to the King family in Selbyville, Delaware. The building was a two story detached house with a garage and work area on the first floor and living quarters on the second floor. The first floor area was retained by defendant for its own use; the second floor quarters were demised to the Kings. The only means of access to the second floor were two stairways, one inside and the other outside the structure. The lease agreement provided that the tenants were to "take good care of the house" and "make at their own expense the necessary repairs caused by their own neglect or misuse."

1. Although the complaint names JA–SIN, a partnership, and the two individual partners as defendants, they will collectively be referred to as "defendant" herein.

On April 24, 1977, plaintiff Sharon Ford [2] and her family were ending a weekend visit at the leased premises as guests of the Kings. Plaintiff was descending the outside stairway when she tripped on a loose tread on one step and fell, thereby sustaining personal injuries. Plaintiff alleges herein that the landlord–defendant was negligent in failing to properly maintain the stairway in a safe condition. Defendant has advanced two alternative arguments in support of its motion.

Defendant first contends that it cannot be held liable to plaintiff because it owed no duty to her to maintain or repair the stairway. Defendant relies on the Common Law rule that, absent an agreement to the contrary, a landlord has no duty to maintain or repair a demised premises, so that neither a tenant nor a tenant's guest can hold the landlord liable for personal injuries resulting from a defective condition in the demised premises. *James v. Boines*, Del.Super., 294 A.2d 94 (1972); *Young v. Saroukos*, Del.Super., 189 A.2d 437 (1963); *Grochowski v. Stewart*, Del.Super., 169 A.2d 14 (1961).

The difficulty with defendant's reliance on *James, Young* and *Grochowski* is that these cases predated adoption of the Delaware Landlord–Tenant Code ("Code"), 25 Del.C. § 5101, *et seq.*, 58 Del.Laws, c. 472, effective September 27, 1972. Plaintiff persuasively argues that the code has effectively reversed the Common Law rule so as to place the duty of maintenance and repair on the landlord rather than the tenant. At least so far as concerns the allegedly defective stairway involved in this case, the Court agrees.

Section 5303 states in pertinent part:
"(a) The landlord shall at all times during the tenancy:

\* \* \* \* \* \*

(2) Provide a rental unit which shall not endanger the health, welfare or safety of the tenants or occupants and is fit for the purpose for which it is expressly rented;

\* \* \* \* \* \*

(4) Make all repairs and arrangements necessary to put and keep the rental unit and the appurtenances thereto in as good condition as they were, or ought by law or agreement to have been, at the commencement of tenancy . . . ."

Clearly these provisions required defendant to maintain the premises in a reasonably safe condition and to undertake any repairs necessary to achieve that end. Moreover, if the trier of fact was to determine, as certainly it may on the record presented thus far, that the stairway was, in fact, defective and defendant should reasonably have been aware of the defect, the conclusion that defendant had failed to satisfy its duties under § 5303(a)(2) and (4) would be compelled.[3]

Having determined that defendant may be found to have violated a duty imposed by § 5303, the Court must also determine whether such violation might render defendant liable to plaintiff for her injuries. Although violation of a statutorily imposed duty may be a valid basis for a claim for relief, the person seeking such relief must be a member of the class of persons for whose protection or benefit the statute was enacted. *Brown v. Robyn Realty Co.*, Del. Super., 367 A.2d 183 (1976). Defendant predictably argues that the Code has no applicability to non–tenant third parties such as the social guests of tenants. Presumably, as to such persons, the tenant would remain theoretically liable for injuries caused by defects in the premises. *See* 49 Am.Jur.2d *Landlord and Tenant* § 981

---

**2.** Sharon Ford's husband is also a plaintiff herein. However, for present purposes it is necessary to refer only to the plaintiff–wife's role in this controversy.

**3.** The instant lease agreement may be sufficiently ambiguous on its face to argue that the tenants had agreed to be responsible for maintaining and repairing the stairway. However, regardless of what the parties to the lease may have intended, the possible attempt by defendant to shift its statutory duties to the tenants was ineffective since not made in "a conspicuous writing independent of the rental agreement . . . ." § 5303(b).

(1970). In other words, by defendant's reasoning landlords would owe a duty of maintenance and repair to tenants, and tenants would owe the same duty to third parties. This Court cannot believe the Legislature intended such an anomalous result in enacting the Code.

 First, acceptance of the defense position would fly in the face of "the well–settled general rule that the duties and liabilities of a landlord to persons on the leased premises by the consent of the tenant are the same as those owed to the tenant himself . . . ." *Id.* § 780. Secondly, the artificial and confusing distinctions which would necessarily be fostered by defendant's proffered construction of the Code would be contrary to the Legislature's expressed intent that the Code be liberally construed to promote its underlying purposes including, *inter alia*, simplification and clarification of the law governing landlord and tenant relationships. *See* 58 Del. Laws, c. 472, Section 1. Thirdly, nothing on the face of the Code explicitly evidences an intent to distinguish, for the purpose of limiting a landlord's duties under the Code, among various classes of persons who may properly and lawfully be on the leased premises. In fact, the only explicit statement of the Legislature's intent regarding the classes of persons included within the Code's coverage is found in § 5103 which provides, in pertinent part, that the "code

shall regulate and determine all legal rights, remedies, and obligations of the parties and beneficiaries of any rental agreement of a rental unit within this State . . . ." In the opinion of the Court the term "beneficiaries," although not expressly defined in the Code, is sufficiently broad to include the social guests of tenants, and the Court finds that the Legislature so intended.[4] Therefore, summary judgment will not be granted on the basis of defendant's first argument.

██ Having determined that defendant did owe plaintiff a duty under the Code to maintain the stairway in a safe condition, the Court will now consider defendant's alternative contention that it cannot be held liable to plaintiff for simple negligence in its alleged failure to perform this duty. Defendant argues that plaintiff was a "guest without payment" within the meaning of 25 *Del.C.* § 1501[5] and consequently may not recover in this action because there is no allegation of wilful or wanton misconduct by defendant. While plaintiff was clearly a guest without payment as to the King family, the same cannot be said of her status *vis–à–vis* the landlord–defendant.

The question of the status of a tenant's social guest in relation to the landlord for purposes of the Guest Premises Statute was considered in *Hoksch v. Stratford Apartments, Inc.,* Del.Super., 283 A.2d 687 (1971).[6] The Court held that a landlord has

---

4. The result reached by the Court is based primarily on the express language employed by the Legislature in the pertinent statutory provisions. It is important to note that, although the Code as construed herein radically alters the former common law of this State, it is entirely consistent with the modern weight of authority in this area of the law. Indeed, the Restatement (Second) of Property § 17.6 (1977) states:

> "A landlord is subject to liability for physical harm caused to the tenant and others upon the leased property with the consent of the tenant or his subtenant by a dangerous condition existing before or arising after the tenant has taken possession, if he has failed to exercise reasonable care to repair the condition and the existence of the condition is in violation of:

> \* \* \* \* \* \*

> (2) a duty created by statute or administrative regulation."

See also 49 Am.Jur.2d *Landlord and Tenant,* supra, § 780, and 2 *Powell on Real Property* ' 234[2][e], ' 234[3][a] (1977).

5. Section 1501 provides:

> "No person who enters onto the premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by the wilful or wanton disregard of the rights of others."

6. The statute considered in *Hoksch*, then 25 *Del.C.* § 1421, is for present purposes substantially identical to § 1501. *See* 283 A.2d at 688.

a sufficient business interest in the use of common areas in an apartment complex by those whom tenants would admit to their leased premises so as to render the Guest Premises Statute inapplicable. The rationale for this rule was that a landlord would have difficulty in leasing its apartments if tenants were prohibited from inviting guests into their abodes.

Defendant seeks to distinguish the instant case from *Hoksch* because the stairway here involved was not a common area under the landlord's control. Assuming, *arguendo*, that defendant is factually correct in this assertion,[7] the Court finds it to be a distinction without substance. Clearly, the rationale behind the *Hoksch* rule applies equally to tenants' social guests who have already gained access to a demised premises as it does to such guests who are on their way into or out of the demised premises. ■ Given the common law at the time *Hoksch* was decided, the former reason for the common area distinction is plain. At the time of *Hoksch* the Common Law rule held the landlord liable for harm to tenants' guests which occurred upon common areas over which the landlord retained control. Restatement (Second) of Torts § 360 (1965). However, as to harm which occurred upon the premises demised exclusively to the tenant, where the tenant was at common law responsible for maintenance and repair, the landlord was not liable. *Id.* § 355. The reason for limiting the *Hoksch* rule to social guests upon common areas of

the property was due to the fact that the landlord *owed no duty* to such persons once they entered upon the tenant's exclusive premises, not because the landlord's business interest in the presence of social guests somehow evaporated upon their entry into the tenant's premises. Consequently, now that the Code squarely places upon the landlord the responsibility for maintaining the demised premises, not just common areas appurtenant thereto, in a reasonably safe condition, the reason for the common area limitation on the *Hoksch* rule no longer exists. Therefore, the Court holds that social guests who are invited onto property owned by a landlord for the purpose of visiting tenants are not, as to the landlord, guests without payment within the scope of § 1501. It necessarily follows that plaintiff herein was not defendant's guest without payment, and she may recover upon a showing of simple negligence attributable to the landlord–defendant.

In accordance with the foregoing, the Court has determined that defendant's motion for summary judgment must be, and hereby is, denied.

IT IS SO ORDERED.

---

**7.** Were this issue relevant in the case at bar, it would ultimately be a question of fact for the jury to decide.