**Hildegard BELL, Defendant Below, Appellant,**

v.

**Kimberly M. HALFEN, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: March 7, 1985.

Decided: April 29, 1985.

---

Mason E. Turner, Jr. of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for defendant-appellant.

Francis J. Jones, Jr. of Morris, James, Hitchens & Williams, Wilmington, for plaintiff-appellee.

Before HERRMANN, C.J., and McNEIL- LY and MOORE, JJ.

McNEILLY, Justice:

This is an appeal from a jury verdict in favor of the plaintiff, Kimberly M. Halfen, in the amount of $24,000. The primary issue on appeal is whether the Trial Judge erred as a matter of law in his conclusion that the Premises Guest Statute, 25 *Del.C.* § 1501, was inapplicable to Kimberly's claim.[1] We conclude that no error was made and hereby affirm the jury's verdict.

## I

Kimberly Halfen was injured on July 4, 1982 when she tripped over a piece of slate used to hold down a "welcome mat" outside the front door of a dwelling owned by defendant, Mrs. Hildegard Bell. As a result, Kimberly's arm went through a glass

---

1. 25 *Del.C.* § 1501 states:

    § 1501. Liability of owners or occupiers of land for injury to guests or trespassers.

    No person who enters onto private residential or farm premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by the wilful or wanton disregard of the rights of others.

window causing lacerations which required surgery. She was required to wear a cast on her wrist for two months, after which, she had to wear corrective braces.

Mrs. Bell's property in question is a detached single family frame house. From November, 1979 until January, 1982, Mrs. Bell rented the property to a family named Matyniak. From approximately April, 1982, through the date of the accident, the house was occupied by Mrs. Bell's son, Richard.

Richard moved into the property because Mrs. Bell did not want the house vacant. Although Richard did not pay cash rent, he was fixing up the property so that it could be re-rented. In fact, Richard was responsible for taking care of the property which included painting, cleaning and cutting the grass. He also paid a couple of utility bills for the property until he became unemployed.

On July 4, 1982, Kimberly was on Mrs. Bell's property as a visitor of Richard's.

The Trial Judge rejected Mrs. Bell's contention that the Premises Guest Statute was applicable, since in his opinion the issue was controlled by *Hoksch v. Stratford Apartments, Inc.*, Del.Super., 283 A.2d 687 (1971).

## II

Mrs. Bell contends that the Premises Guest Statute is applicable. She asserts that Kimberly was a "guest without payment" within the meaning of the Premises Guest Statute and consequently may not recover on her negligence action. We conclude that although Kimberly was clearly a "guest without payment" as to Richard, the same cannot be said of her status *vis-a-vis* Mrs. Bell.

■ The issue of the status of a tenant's social guest in relation to the landlord of a building for purposes of the Premises

Guest Statute was considered in *Hoksch v. Stratford Apartments, supra.*[2] In *Hoksch* the Superior Court concluded that a landlord had a business interest in the free access of visitors to its tenants, and that this interest rendered the Premises Guest Statute inapplicable. The Court reasoned:

I find that the defendant does indeed have a business interest in the ingress and egress of those whom its tenants would admit to the premises. It is fair to conjecture that it would be difficult if not impossible for a landlord to lease an apartment with the stipulation that the lessee was prohibited from inviting any people whomsoever to that apartment, regardless of the purpose of the visit. It is obvious that the ability to allow social guests, deliverymen, movers and other such visitors to come to a rented apartment is part of the attractiveness of living in such a place. Without this benefit, the number of a landlord's prospective tenants would be greatly diminished. Therefore I do not believe that it strains the imagination to find that an occupier of land may be benefited by visits from those whom he has not expressly invited.

Defendant raises the point that Mrs. Hoksch's sister, whom Mrs. Hoksch was on the way to visit when the accident occurred, was herself a guest without payment, since she was exempt from paying rent at the time of the accident. Defendant urges that Mrs. Hoksch cannot have been a paying guest since her sister was not. Assuming that the sister was indeed living rent free at the time, I point out here that my ruling is not based on Mrs. Hoksch's sister's status vis-a-vis the defendant, but upon Mrs. Hoksch's relationship with the defendant in her own right. *See Snyder v. I. Jay Realty Co.*, supra [30 N.J. 303, 153 A.2d 1], at 6 [(1959)]. See also the Restate-

2. The Premises Guest Statute considered in *Hoksch* then 25 *Del.C.* § 1421, is for present purposes substantially similar to § 1501. The 1980 amendment to § 1501 substituting "private

residential or farm" for "the" near the beginning of the section does not restrict the *Hoksch* holding.

ment (Second) of Torts, Section 332, comment "K" (1965): "A person may be a business visitor of a lessor of land although he is merely a gratuitous licensee of the Lessee."

*Hoksch*, 283 A.2d at 689. We approve of the Superior Court's analysis set forth in *Hoksch*. The concise rule of law of *Hoksch* is that a visitor of a tenant is not a "guest without payment" with respect to the owner of the property. *See Ford v. Ja-sin*, Del.Super., 420 A.2d 184 (1980) (the *Hoksch* rule applies equally to tenants' social guest who have already gained access to the demised premises.)

 Applying the *Hoksch* rule to the facts before this Court, since Kimberly was a guest of Richard's, Kimberly was not a "guest without payment" as to Mrs. Bell. The fact that Richard was not paying cash rent to Mrs. Bell does not mean he was not a tenant. *See Hoksch* at 689. The fact of the matter is, Richard was performing services for Mrs. Bell. Richard occupied the house so that it would not be vacant, he maintained and repaired the house, and he even paid a couple of the utility bills for the house.

Therefore, since Kimberly was a guest of a tenant, the Premise Guest Statute is inapplicable to her action against the owner.

### III

Mrs. Bell's second contention that the Trial Judge abused his discretion in failing to give any explanation for his conclusion, is without merit. The Trial Judge adequately explained he was relying upon the decision of *Hoksch* as established Delaware law. Mrs. Bell's reliance upon *Husband M. v. Wife D.*, Del.Supr., 399 A.2d 847, 848 (1979) in which the Trial Court's decision was contrary to established Delaware law, is inapposite.

\*　　\*　　\*

AFFIRMED.