

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2005

# Phifer v. DuPont Country Club

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2928

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Phifer v. DuPont Country Club" (2005). *2005 Decisions.* Paper 888.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/888

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2928
_____

JAMI PHIFER,

Appellant

v.

DU PONT COUNTRY CLUB, INC.;
E.I. DU PONT DE NEMOURS & COMPANY

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 03-cv-00327)
District Judge:  Honorable Sue L. Robinson

_____

Submitted Under Third Circuit LAR 34.1(a)
June 30, 2005

Before:  NYGAARD, SMITH and FISHER, *Circuit Judges*.

(Filed:  July 7, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellant Jami Phifer was injured on the premises of Du Pont Country Club

("Club") when a man not employed by or affiliated with the Club knocked her to the

ground. She brought suit against the Club for her injuries.[1] The District Court granted Du Pont's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that Phifer had failed to allege an unreasonably dangerous condition or that any such condition proximately caused her injuries. We will affirm the District Court.

As we write solely for the parties, and the facts are known to them, we will discuss only those facts pertinent to this appeal. Phifer was attending a business convention at the Club. After exiting the main doors of the Club, Phifer walked down a set of concrete stairs leading from the main doors to a concrete sidewalk. The stairs were crowded with people entering and exiting the doors. As Phifer reached the sidewalk, she heard a loud noise originating from the direction of a white-colored truck parked in the Club's circular driveway adjacent to the main doors. Phifer believed that the truck was being unloaded at the time. Phifer does not allege that the noise was caused by the truck or by the alleged unloading of its contents. Phifer looked in the direction of the noise when, at roughly the same time, an unknown male, startled by the noise, leapt into her path and collided with her; there is no allegation that this male was employed by the Club. The collision caused Phifer to be thrown into the air and she landed on her back on the concrete stairs, causing her injuries.

---

[1] Appellee E.I. Du Pont de Nemours & Company ("Du Pont") was substituted for the Club as the proper party defendant pursuant to a joint stipulation filed by the parties.

Phifer asserts two claims based on these allegations – negligence and negligent infliction of emotional distress. She claims that Du Pont violated its duty as a landowner to exercise reasonable care to anticipate, inspect and discover dangerous conditions on its property, in this case, the unloading of a truck in the vicinity of business invitees walking on a sidewalk. She also alleges that Du Pont breached a duty of care to protect its business invitees from the likelihood of being harmed by third persons on the property.

The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's Rule 12(b)(6) dismissal of Phifer's claims, and in doing so must accept all material allegations of Phifer's complaint as true and draw all reasonable inferences from the complaint in her favor. *See Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004). Delaware law governs this diversity action. There is no dispute that Phifer was the Club's business invitee. In Delaware, "[a] possessor of property who invites others onto his property to conduct business must exercise due care to keep his property in a reasonably safe condition and warn of any unreasonable risks which he knows about, or with the exercise of reasonable care would have known about, and which the other would not be expected to discover for himself." *Hess v. United States*, 666 F. Supp. 666, 670 (D. Del. 1987) (citing, inter alia, *DiSabatino Bros., Inc. v. Baio*, 366 A.2d 508, 510 (Del. 1976)) (other citations omitted). In other words, a business invitee must allege (1) the existence of an unreasonably dangerous condition, (2) that was known or should have

3

been known by the landowner, but (3) was not discoverable by the invitee. *Id.* at 671. Of course, a business invitee must also allege proximate causation and the other traditional elements of a negligence claim. *See Duphily v. Delaware Elec. Coop., Inc.*, 662 A.2d 821, 828 (Del. 1995).

The District Court found that Phifer had failed to allege the existence of an unreasonably dangerous condition or proximate causation. We agree. Assuming the truck in the circular driveway was actually being unloaded, and the loud noise emanated from, perhaps, objects dropped during the unloading process, we fail to see how this amounts to an unreasonably dangerous condition. Finding otherwise would improperly expand the concept of unreasonably dangerous conditions.

Sufficient allegations of proximate causation are also lacking. "A proximate cause is one that 'in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred.'" *Delaware Elec. Co-op., Inc. v. Duphily*, 703 A.2d 1202, 1209 (Del. 1997) (citations omitted). Phifer would have us find that the unloading truck, which supposedly caused a loud noise, which in turn caused an unknown male not affiliated with the Club to collide with her, creates a legally sufficient chain of causation to support her negligence theory. Such a causal connection is too tenuous, though, to meet the proximate causation test.

Moreover, the collision caused by the unknown male was a superseding cause terminating any causal effect of the truck, the unloading and the noise. "In order to break the causal chain, the intervening cause must also be a superseding cause, that is, the intervening act or event itself must have been neither anticipated nor reasonably foreseeable by the original tortfeasor." *Duphily*, 703 A.2d at 1209 (citation omitted). "Thus, a third party's act is an intervening, superseding cause if it was either unforeseeable, or was foreseeable but conducted in an extraordinarily negligent manner." *Id.* (citation omitted). "A foreseeable event is one where the defendant should have recognized the risk under the circumstances." *Id.* (citation omitted). We cannot see how the Club could or should have foreseen that a noise produced by a truck unloading on its front driveway would have been so loud as to startle one of its guests so much that the collision alleged here would have occurred.

For all of these reasons, the District Court was correct to dismiss Phifer's negligence claim. Because Phifer's other claim – negligent infliction of emotional distress – turns on the existence of a cognizable negligence claim, that was correctly dismissed as well. Accordingly, we will affirm the judgment of the District Court.