**Arnold D. SAMSON, Plaintiff Below, Appellant,**

v.

**Dale Robert SMITH, Defendant and Third Party Plaintiff Below, Appellee,**

v.

**BOWL–A–RAMA, INC., a Delaware corporation, Defendant and Third Party Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted: Jan. 18, 1989.
Decided: May 26, 1989.

Jeffrey M. Weiner, Wilmington, for appellant Arnold D. Samson.

Stephen P. Casarino, Tybout, Redfearn, Casarino & Pell, Wilmington, for appellee Bowl–A–Rama, Inc.

Before CHRISTIE, C.J., HORSEY, MOORE, WALSH and HOLLAND, JJ., constituting the Court en banc.

WALSH, Justice:

This is an interlocutory appeal accepted on certification from the Superior Court, which granted one of the defendants' motion to dismiss a complaint for personal injuries. The issue presented, is whether a third party injured by the actions of an intoxicated driver has a cause of action against a tavern operator for dispensing alcoholic beverages to an intoxicated patron. The Superior Court ruled that the liability of the tavern owner, Bowl–A–Rama, Inc. ("Bowl–A–Rama"), does not extend to the off-premises conduct of an intoxicated patron. We agree with this conclusion and hold that no cause of action against a tavern operator for injuries to third parties, caused by an intoxicated patron, exists in Delaware under either the common law or statutes regulating the dispensing of alcoholic beverages. The judgment of the Superior Court dismissing the complaint is, therefore, affirmed.

1. Smith is not a party to the present appeal.

I

We view appellant's claim, as did the Superior Court, in the context of a motion to dismiss, accepting the well pleaded allegations of the complaint and assuming the presentation of evidence sufficient to support those allegations. *Kofron v. Amoco Chemicals Corp.*, Del.Supr., 441 A.2d 226, 227 (1982). Bowl–A–Rama operates a bowling establishment and, in addition, is licensed to sell alcoholic beverages to patrons on its premises. On October 21, 1986, Dale Robert Smith ("Smith"), while on the premises as a member of a bowling team was served a number of alcoholic drinks by employees of Bowl–A–Rama. Smith admitted that he drank seven or eight twelve-ounce draft beers within three and one-half hours. Shortly after leaving Bowl–A–Rama, while driving his automobile south on U.S. Route 13, Smith failed to stop at a red light. His vehicle struck the rear of appellant's, Arnold D. Samson, ("Samson"), vehicle which had already stopped. As a result Samson sustained serious bodily injury. According to the police report, Smith registered a .23% blood alcohol reading on the evening of the accident—more than two times the statutory standard for driving under the influence of alcohol in Delaware.[1] *See* 21 *Del.C.* § 4177.

Initially, Samson only filed suit against Smith, but Samson later joined Bowl–A–Rama as a defendant, on the theory that the conduct of Bowl–A–Rama's employees, in permitting Smith to drink in excess, was a proximate cause of the accident.

II

Samson argues that this Court should enforce his claim against Bowl–A–Rama on both common law and statutory grounds. We first address the common law claim. Whether there is a valid cause of action, sounding in negligence or in willful and wanton conduct, against a commercial vendor of alcohol by a third party, injured by the actions of an intoxicated driver who was served by the vendor, is an issue of

first impression in this Court.[2] Samson concedes that recognition of such a claim requires that we extend our recent decision in *Diossi v. Maroney,* Del.Supr., 548 A.2d 1361 (1988), to include recognition of a common law cause of action against a tavern owner under Delaware law. Such a holding would, inferentially at least, serve to overrule our prior holding in *Wright v. Moffitt,* Del.Supr., 437 A.2d 554 (1981).

We begin with an historical analysis. At common law purveyors of alcoholic beverages could not be held liable for damages sustained by third persons resulting from a patron's intoxication. *See e.g., State v. Hatfield,* Md.Ct.App., 78 A.2d 754 (1951); 48A C.J.S. Intoxicating Liquor § 428 (1981); Annotation, *Common–Law Right of Action for Damage Sustained By Plaintiff in Consequence of Sale or Gift of Intoxicating Liquor or Habit–Forming Drug To Another,* 97 A.L.R.3d 528 (1980). The rationale for the rejection of liability was that the consumption of the alcohol, not the sale of the beverage, was the proximate cause of the injury. In *State v. Hatfield* the court articulated the rule:

> Apart from statute, the common law knows no right of action against a seller of intoxicating liquors, as such, for "causing" intoxication of the person whose negligent or wilful wrong has caused injury. Human beings, drunk or sober, are responsible for their own torts. The law (apart from statute) recognizes no relation of proximate cause between a sale of liquor and a tort committed by a buyer who has drunk the liquor.

78 A.2d at 756.

In 1981, the Maryland Court of Appeals revisited the same issue in *Felder v. Butler,* 292 Md. 174, 438 A.2d 494 (1981). Once again, the court found that there is no liability, independent of a statute, upon sellers of alcoholic beverages for damages caused to others by intoxicated tavern patrons. *Id.* at 499. The court in *Felder* acknowledged, as do we, that numerous jurisdictions have departed from the early common law rule and have imposed civil liability independent of statute. *Id.* at 496, 497 (Citations omitted).

Samson urges us to adopt the modern trend and to recognize a common law cause of action against an alcoholic beverage purveyor for injuries caused by an intoxicated customer. Samson's position is not without strong decisional support in other jurisdictions. *See Ontiveros v. Borak,* 136 Ariz. 500, 667 P.2d 200 (1983); *Hutchens v. Hankins,* 63 N.C.App. 1, 303 S.E.2d 584, petition denied, 309 N.C. 191, 305 S.E.2d 734 (1983); *Sutter v. Hutchings,* 254 Ga. 194, 327 S.E.2d 716 (1985); *Ono v. Applegate,* 62 Haw. 131, 612 P.2d 533 (1980); *Mason v. Roberts,* 33 Ohio St.2d 29, 294 N.E.2d 884 (1973), *Jardine v. Upper Darby Lodge,* 413 Pa. 626, 198 A.2d 550 (1964).

In *Wright v. Moffitt,* this Court refused to recognize a common law cause of action against a tavern owner and indicated that the creation of such a claim must be left to the General Assembly. The injured plaintiff, Wright, was also the patron who purchased alcoholic liquor from the tavern operator where he became intoxicated. Wright was injured shortly after leaving the tavern, when he attempted to walk across Route 13 and was struck by an automobile. As a result of the accident, Wright sustained serious and permanent bodily injury for which he sued the tavern. *Wright v. Moffitt,* 437 A.2d at 554–555. On appeal this Court denied relief, holding that a cause of action for personal injuries against a vendor does not exist when the injuries result from a patron's voluntary intoxication. *Id.* at 554. The Court ruled that "the creation of a cause of action against one who is licensed to sell alcoholic beverages, under the circumstances alleged here, involves public policy considerations which can best be considered by the General Assembly." *Id.* at 556.

Samson argues that the status of the plaintiff in *Wright* is significant and notes that this Court did not address the issue of

---

**2.** An earlier Superior Court decision recognized a cause of action in a similar factual setting. *See Taylor v. Ruiz,* Del.Super., 394 A.2d 765 (1978). That holding was later disapproved by this Court in *Wright v. Moffitt,* Del.Supr., 437 A.2d 554 (1981).

the liability of a tavern owner to an innocent third party. The concerns expressed in *Wright*, however, had broader application than the identity of the plaintiff.

> [S]hould any such liability extend to a hotel dining room or restaurant owner (or to a social host) as well as to a "tavern" owner? should it extend to assaults or other torts by an inebriated patron? to whom should such a cause of action accrue? should there be a special rule for minors? And inevitably, if a cause of action were recognized under any of these circumstances, a commercial dispenser of alcoholic beverages (and, probably, a social host) would be a party to every suit in which an intoxicated person is alleged to have committed a tortious act.

*Id.* at 556.

The policy question regarding the propriety of judicial creation of a cause of action in an area subject to specific statutory regulation, is the same today as it was when *Wright* was decided eight years ago. The answer given then continues to have validity, and bears repeating:

> We do not suggest that Dram Shop liability, or a responsibility akin to it, is undesirable public policy or that adoption in Delaware would lend to illogical or unfair results. On the contrary, we think that a law which imposes some such responsibility on a licensee who willfully or carelessly serves alcohol to an intoxicated patron has much to commend it. But, in our view, the General Assembly is in a far better position than this Court to gather the empirical data and to make the fact finding necessary to determine what the public policy should be as

to a Dram Shop law, and the scope of any such law.

*Id.*

Samson contends that we have recently circumscribed our holding in *Wright* by recognizing a common law claim for damages arising out of the improper dispensing of alcoholic beverages in *Diossi v. Maroney*, 548 A.2d 1361. Although we found liability in *Diossi*, a case involving the social dispensing of alcohol to minors, we did not create a cause of action directed against the activities of commercial sellers of alcoholic beverages. Moreover, in *Diossi* we posited liability upon common law premises principles as set forth in the *Restatement (Second) of Torts*. *Id.* at 1365–68. In particular, we addressed a social host's liability to a business invitee under sections 332 and 343 of the *Restatement (Second) of Torts* and fashioned our holding on a safe work place rationale. *Id.*

Consistent with our adherence to the *Restatement (Second) of Torts* in *Diossi*, Samson claims that any one of four separate sections of the *Restatement* could be applicable to establish a cause of action against Bowl–A–Rama based upon negligence. In particular, Samson asserts that the common law duty to exercise reasonable care to avoid foreseeable injury to others may be reflected in any of the following: Section 302. Risk of Direct or Indirect Harm; Section 302A. Risk of Negligence or Recklessness of Others; Section 302B. Risk of Intentional or Criminal Conduct; Section 303. Acts Intended or Likely so to Affect the Conduct of the Other, a Third Person or an Animal as to Involve Unreasonable Risk; and Section 315. General Principle (Duty to Control Conduct of Third Persons).[3] The *Restatement* is merely a formulation of well estab-

---

**3.** Section 302 addresses a negligent act or omission involving an unreasonable risk of direct or indirect harm; Section 302A addresses an act or omission based upon an unreasonable risk of harm to another through the negligent or reckless conduct of the other or a third person; Section 302B addresses an act or omission based upon the unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal; Section

303 addresses a negligent act where the actor intends, realizes or should realize that it is likely to affect the conduct of another to create an unreasonable risk of harm to the other; Section 315 acknowledges a duty to control the conduct of a third person so as to prevent the third person from causing physical harm to another where a special relation exists between the actor and the other which gives to the other a right to protection.

lished common law principles. *Wright* affirms the proposition that there is no common law liability against a tavern operator based on dram shop principles. This absence of liability exists whether the patron, through abuse of alcohol, harms himself, as in *Wright* or a third party, as here. The *Restatement* cannot supply what the common law lacks. We decline to apply *Restatement* principles to the facts of this case to establish a cause of action against Bowl–A–Rama.

### III

Samson alternatively requests that we hold that 4 *Del.C.* §§ 711 and 713 create a statutory standard of care, the violation of which may form the basis for a private cause of action against a tavern operator.[4] In *Wright* this Court rejected the same argument and concluded that "§§ 711 and 713 do not create a legislative standard of care that may be used by a patron as the basis of recovery against a liquor licensee." *Wright v. Moffitt,* 437 A.2d at 559. Samson attempts to distinguish *Wright,* on the basis that the plaintiff in *Wright* alleged that violation of Sections 711 and 713 was negligence per se. We believe, however, that this attempted distinction begs the question of whether the absence of a statutory standard may be remedied through judicial creation of an alternative basis for recovery. Wright has clearly answered that question and the rule of *stare decisis* requires adherence to that precedent in the absence of a clear manifestation of error. *Oscar George, Inc. v. Potts,* 49 Del. 295, 115 A.2d 479, 481 (1955).

Moreover, this Court, in *Wright* addressed the holding of *Taylor v. Ruiz,* Del.

Super., 394 A.2d 765 (1978), which viewed section 711 as supporting a negligence claim against a tavern owner brought by a third party injured by an intoxicated patron. The Court in *Wright* noted that the facts of *Taylor* were more persuasive than those in *Wright* because the plaintiff was an innocent third person. *Wright v. Moffitt,* 437 A.2d at 559. Nonetheless, this Court nullified the holding in *Taylor* and declined to find a cause of action under either section 711 or section 713. *Id.*

We conclude that there is no cause of action against a tavern operator, by a third party who is injured off the premises of the tavern by a patron, who became intoxicated at the tavern. Accordingly, the judgment of the Superior Court, dismissing the complaint as to Bowl–A–Rama is affirmed.

---

4. 4 *Del.C.* §§ 711 and 713 are part of the Alcoholic Beverage Control Act, the basic legislation controlling the sale of alcoholic beverages. Section 711 provides in pertinent part:

**§ 711. Sale or service of alcoholic liquors to intoxicated person.**

Any licensee, or employee of a licensee, or person in charge of a licensed premises' shall refuse to sell or serve alcoholic liquors to any individual if such individual is intoxicated or appears to be intoxicated. Such licensee, employee of a licensee or person in charge of the licensed premises shall not be liable to any individual for damages claimed to arise from

the refusal to sell alcoholic liquors if such refusal is based upon this section.

Section 713 provides in pertinent part:

**§ 713. Prohibition of sales to certain persons.**

(a) No person shall sell any alcoholic liquor to any:

(1) Individual who has not reached the age of 21 years, ...

(2) Person to whom such sale is prohibited;

(3) Individual who is mentally ill or mentally deficient;

(4) Individual who habitually drinks alcoholic liquor to excess....