**Rose OAKES and Calvin J. Oakes, Plaintiffs Below, Appellants,**

v.

**Steven M. MEGAW, and Jet Group, Inc., a Delaware corporation, t/a the Royal Exchange Restaurant–Branmar, Defendant Below, Appellees.**

Supreme Court of Delaware.

Submitted: Aug. 29, 1989.

Decided: Oct. 19, 1989.

L. Vincent Ramunno of Ramunno & Ramunno, Wilmington, for appellants.

Edward F. Kafader of Trzuskowski, Kipp, Kelleher & Pearce, P.A., Wilmington, for appellee, Jet Group, Inc.

Before CHRISTIE, C.J., and WALSH and HOLLAND, JJ.

HOLLAND, Justice:

Rose Oakes and Calvin J. Oakes, the plaintiffs-appellants (the "Oakes"), filed an amended complaint in the Superior Court on August 31, 1988. The amended complaint named, as a defendant, the appellee Jet Group, Inc. ("Jet Group"), which operates the Royal Exchange Restaurant–Branmar ("Royal Exchange"). The Oakes alleged that the Jet Group served alcoholic beverages to Steven M. Megaw ("Megaw") at the Royal Exchange, although Megaw was under the age of twenty-one. The Oakes alleged that Megaw became intoxicated while he was at the Royal Exchange and that Megaw's intoxication was the

proximate cause of an automobile accident involving Megaw and the Oakes.

Jet Group filed a motion to dismiss the Oakes' complaint, pursuant to Rule 12(b)(6) of Superior Court Civil Rules on December 8, 1988. The grounds for the motion were that Delaware courts have not recognized any statutory or common law cause of action against a "tavern owner," for injuries suffered by third parties, as a result of a tortious act of an intoxicated patron. The Superior Court granted the Jet Group's motion to dismiss on March 31, 1989. We affirm that decision.[1]

*Facts*

On Friday evening, September 5, 1986, Megaw and some friends were at the Royal Exchange from 6:00 p.m. until approximately 9:30 p.m. During that time period, Megaw was not asked for any identification or proof of his age. Megaw testified, during his deposition, that while he was at the Royal Exchange, he was served and consumed four mixed alcoholic beverages.

When Megaw left the Royal Exchange, which is located in the Branmar Shopping Center in north Wilmington, he drove to a friend's house located in Limestone Hills, west of Wilmington. Megaw arrived at his friend's home at approximately 10:00 or 10:30 p.m. He left at about midnight. While he was at his friend's home, Megaw drank two cans of beer.

After leaving his friend's house, Megaw was involved in an automobile accident, a few minutes after midnight, on September 6, 1986. The vehicle which Megaw was operating crossed the center line of the road and collided with the Oakes' vehicle. The Oakes both sustained personal injuries.

A blood alcohol test, taken at the hospital shortly after the accident, indicated that Megaw's blood alcohol reading was .15 percent. Megaw testified that his intoxication was the result of the combination of mixed drinks consumed at the Royal Exchange and the beer consumed at his friend's

1. A final judgment was entered in favor of the Jet Group pursuant to Superior Court Civil Rule 54(b). The Superior Court action continued as

house. Megaw was a minor [2], age twenty, at the time of the automobile accident.

### The Parties Contentions

This Court, sitting *en banc*, has recently held that "no cause of action against a tavern owner for injuries to third parties, caused by an intoxicated patron, exists in Delaware either under the common law or statutes regulating the dispensing of alcoholic beverages." *Samson v. Smith*, Del. Supr., 560 A.2d 1024, 1025 (1989).[3] Jet Group argues that this holding should be extended specifically to situations involving injuries to a third party which are caused by an intoxicated *minor* patron. Oakes argues that the holding in *Samson* should be reversed or that an exception should be recognized, when the intoxicated patron is a minor.

### Common Law

This Court has consistently "refused to recognize a common law cause of action against a tavern owner and indicated that the creation of such a claim must be left to the General Assembly." *Samson v. Smith*, 560 A.2d at 1026; *see also Wright v. Moffitt*, Del.Supr., 437 A.2d 554 (1981). "The policy question regarding the propriety of judicial creation of a cause of action in an area subject to specific statutory regulation, is the same today as it was when *Wright* was decided eight years ago" and has not changed in the few months that have passed since *Samson* was decided. *Samson v. Smith*, 560 A.2d at 1027. The answer which was given in *Wright*, and quoted in *Samson* with approval, continues to have validity:

> We do not suggest that Dram Shop liability, or a responsibility akin to it, is undesirable public policy or that adoption in Delaware would lend to illogical or unfair results. On the contrary, we

think that a law which imposes some such responsibility on a licensee who willfully or carelessly serves alcohol to an intoxicated patron has much to commend it. But, in our view, the General Assembly is in a far better position that this Court to gather the empirical data and to make the fact finding necessary to determine what the public policy should be as to a Dram Shop law, and the scope of any such law.

*Id.* (quoting *Wright v. Moffitt*, 437 A.2d at 556).

Nevertheless, the Oakes contend that another recent decision by this Court, imposing liability in a situation involving the social dispensing of alcohol to minors, supports a finding of liability in this case, involving the commercial dispensing of alcohol to minors. The case which the Oakes rely upon is *DiOssi v. Maroney*, Del.Supr., 548 A.2d 1361 (1988). However, as this Court pointed out in *Samson*, in *DiOssi* "we did not create a cause of action directed against the activities of commercial sellers of alcoholic beverages." *Samson v. Smith*, 560 A.2d at 1027. Similarly, in *DiOssi*, we did not recognize a cause of action because the person consuming the alcohol was a minor. As stated in *Samson*:

> [I]n *DiOssi* we posited liability upon common law premises principles as set forth in the *Restatement (Second) of Torts*. In particular, we addressed a social host's liability to a business invitee under Sections 332 and 343 of the *Restatement (Second) of Torts* and fashioned our holding on a safe workplace rationale.

*Id.* (citations omitted).

The recognized societal harm posed by under-age drinking has prompted reconsideration of the common law in other states. *Id.* at 1026. However, *DiOssi* does not support the Oakes' argument that an exception to the holding in *Samson* should be

---

to Megaw, who did not participate in this appeal.

**2.** The term "minor," in the context of this opinion, refers to a person who has not reached the age of twenty-one, the legal age for consumption of alcoholic beverages in Delaware. *4 Del. C.* § 713.

**3.** In *Samson*, we recognized that a contrary conclusion would have, inferentially at least, overruled our prior holding in *Wright v. Moffitt*, Del.Supr., 437 A.2d 554 (1981). *Samson v. Smith*, Del.Supr., 560 A.2d at 1026.

recognized for injuries that are caused to a third party by an intoxicated patron of a commercial establishment, who is a minor. If there is to be legal basis for imposing such liability in Delaware, its origin must be an act of the General Assembly. *Id.* at 1027.

### Statutory Liability

The Oakes argue alternatively that 4 *Del. C.* §§ 711 and 713 create a statutory standard of care, the violation of which may form the basis for a private cause of action against a tavern owner. This Court has explicitly rejected that same argument in *Wright* [4] and more recently in *Samson.* *Id.* at 1028; *Wright v. Moffitt,* 437 A.2d at 557. In *Samson,* this Court, sitting *en banc,* concluded "that there [was] no [statutory] cause of action against a tavern operator, by a third party who is injured off the premises of the tavern by a patron, who became intoxicated at the tavern." *Samson v. Smith,* 560 A.2d at 1028. We find no legal basis for recognizing an exception to the statutory construction in *Samson* because of the age of the patron.

### Conclusion

The Superior Court correctly applied the legal principles enunciated by this Court. There is no statutory or common law cause of action in Delaware against a tavern owner, by a third party who is injured by an intoxicated patron, irrespective of the patron's age. The Superior Court's decision, dismissing the Oakes' amended complaint, is AFFIRMED.

---

**4.** The Court summarized its holding in *Wright* as follows:

It is settled Delaware law that the violation of a statute enacted for the safety of others is negligence in law or negligence *per se.* To be actionable, however, there must be a causal connection between such a statutory violation and the injury alleged. And a plaintiff who invokes a statute must be "a member of the class of persons for whose protection or benefit the statute was enacted." Applying those principles, we conclude that Wright does not have a right of recovery against defendant for violation of § 711 or § 713.

While the requisite causal connection might not be shown in this case, it is unnecessary to decide that issue. We say this because we are persuaded that Wright was not within the protected class of persons to which the Statutes were directed. And that is fatal to his claim.

*Wright v. Moffitt,* 437 A.2d at 557 (citations omitted).