SUPERIOR COURT
OF THE
STATE OF DELAWARE

**VIVIAN L. MEDINILLA**
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

September 19, 2023

Tyler Sacchetta, Esquire
Sacchetta & Baldino
1201 North Orange St. Suite 7543
Wilmington, DE 19801

Kenneth Doss, Esquire
Casarino, Christman, Shalk, Ransom &
Doss, P.A.
1000 N. West Street, Suite 1450
P.O. Box 1276
Wilmington, DE 19899

> **Re: *Jamie Frei v. Jask, Inc.***
> <u>**C.A. No.: N23C-04-118 VLM**</u>

Dear Counsel:

This is the Court's decision on Defendant's Motion to Dismiss under Superior Court Civil Rule 12(b)(6). For the reasons stated, Defendant's Motion is **DENIED.**

## *<u>Relevant Facts & Procedural History</u>*

Jamie Frei ("Plaintiff") was a business invitee at Tyler's Bar and Grille on the evening of February 11, 2022. During the early morning hours of February 12, 2022, he was assaulted and beaten by an assailant who was also a patron at the establishment.[1] Jask, Inc. ("Defendant") is the owner of Tyler's Bar and Grille.

On April 12, 2023, Plaintiff filed a Complaint against Defendant, alleging negligence, carelessness, or recklessness, namely that Defendant's conduct failed to

---

[1] Compl. ¶ 11, D.I. 1. Unless otherwise stated, the facts are drawn from Plaintiff's Complaint and the attached exhibits. The Court accepts these allegations as true for purposes of a motion to dismiss.

prevent foreseeable harm through proper security and safety measures,[2] and caused Plaintiff's injuries.[3]

On June 13, 2023, Defendant filed a Motion to Dismiss in Lieu of an Answer pursuant to Superior Court Civil Rule 12(b)(6).[4] On July 11, 2023, Plaintiff filed a Response.[5] On July 20, 2023, Defendant filed a Reply. Oral arguments were heard on August 24, 2023. The matter is ripe for review.

## *Party Contentions*

Defendant argues that it cannot be held liable for actions of a third-party assailant under Delaware law.[6] In support of Defendant's Motion, it contends that Delaware case law is clear that a patron has no cause of action against a bar or tavern operator for personal injuries related to intoxication at the establishment.[7] It argues that the allegations, albeit guised as failures to provide "security," should be dismissed where "the allegations arise out of the same claim as intoxication of another patron [and] do not change the type of claim being made against [the] tavern owner."[8] Lastly, it argues that any extension of liability to encompass the circumstances in this case falls to the General Assembly, and not the courts.[9]

Plaintiff states that Delaware courts have held that taverns and bars can be held liable to patrons as a result of their negligent conduct,[10] that they are not immune from all lawsuits, and may be held liable—as any possessor of land may be—if they are negligent in their actions.[11] Plaintiff maintains this case is a negligence action and not to be considered under the rubric of the "dram shop" liability cases.[12]

## *Standard of Review*

Under Delaware Superior Court Civil Rule 12(b)(6), dismissal is appropriate when the complaint fails to state a claim upon which relief can be granted.[13]

---

[2] *Id.* ¶ 25.
[3] *Id.* ¶ 28.
[4] Def.'s Mot. to Dismiss, D.I. 14.
[5] Pl.'s Opp'n to Def.'s Mot. to Dismiss, D.I. 17.
[6] Def.'s Mot. to Dismiss ¶ 6.
[7] *Id.* ¶ 3.
[8] *Id.* ¶ 7.
[9] *Id.* ¶ 6.
[10] Pl.'s Opp'n to Def.'s Mot. to Dismiss ¶¶ 3-6.
[11] *Id.* ¶ 7.
[12] *Id.*
[13] Super. Ct. Civ. R. 12.

> When reviewing a ruling on a motion to dismiss, we (1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as "well pleaded" if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) do not affirm a dismissal unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances. [14]

Further, this Court considers whether a plaintiff may recover under any "reasonably conceivable set of circumstances susceptible of proof under the complaint."[15] If this Court determines that the plaintiff may recover, then the motion to dismiss must be denied.[16]

### *Discussion*

The Dram Shop Act is a law imposing civil liability on the owner of an establishment that sells alcoholic beverages to an intoxicated person who causes injury to another as a result of the intoxication.[17] It is true that "dram shop" liability does not exist in Delaware.[18] Our Supreme Court has reasoned that "[t]he creation of a [dram shop liability] cause of action against one who is licensed to sell alcoholic beverages … involves public policy considerations which can best be considered by the General Assembly."[19]

Yet, Delaware law does impose upon commercial property owners an obligation of reasonable care to protect business invitees from the acts of third persons through the adoption of Section 344 of the Restatement (Second) of Torts (1965).[20] In *Jardel,* it was "[t]he jury [that] concluded that the plaintiff's injuries were attributable to the combined neglect of the mall and its parent corporation in not providing adequate security."[21] There, the Supreme Court affirmed the jury's

---

[14] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 535 (Del. 2011) (citing *Savor, Inc. v. FMR Corp.,* 812 A.2d 894, 896-97 (Del.2002).)

[15] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978) (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385 (Del. 1952), *opinion adhered to on reargument,* 95 A.2d 460 (Del. 1953).)

[16] *Id.*

[17] 12 Am. Jur. Trials 729 (Originally published in 1966).

[18] *Wright v. Moffitt*, 437 A.2d 554, 554 (Del. 1981) ("We conclude that such a cause of action does not exist in this State either under the common law or present statutes . . . .").

[19] *Id.* at 556.

[20] *Jardel Co., Inc. v. Hughes*, 523 A.2d 518, 524 (Del. 1987).

[21] *Id.* at 521–22.

verdict, adopting Section 344 of the Restatement (Second) of Torts (1965), which holds a possessor of land liable to members of the public for their failure to exercise reasonable care to discover acts that are being done; or give a warning adequate to enable the visitors to avoid the harm.[22]  The Court reasoned that "[t]he extent of the security protection provided by Jardel . . . raised a factual issue and the jury was entitled to conclude that under the circumstances, that protection was an insufficient response to the known history of criminal activity."[23]

Here, Plaintiff has pled that Defendant knew or should have known of incidents of violence and criminal acts on Defendant's premises.[24]   These allegations do not involve the serving—or overserving—of alcohol.  Plaintiff alleges Defendant was negligent, careless, or reckless in its hiring, training, and supervision of security personnel, failed to take necessary action to prevent foreseeable harm, and failed to supervise, control, manage, and keep safe the establishment for business invitees.[25]  Accepting these allegations as true, dismissal at this juncture is not appropriate.  These types of cases, such as in *Jardel* (assuming they survive summary judgment), should proceed to the factfinder for resolution.  Until more is developed through discovery, the same applies here.

Understandably, Defendant relies on various "dram shop" cases such as *Wright v. Moffitt* in support of dismissal.  In *Wright,* though the plaintiff became clearly intoxicated at a tavern, he was continuously served drinks while there.[26] Shortly after leaving the tavern, he was hit by a car and sustained bodily injuries.[27] The plaintiff sued the tavern for *continuing to serve him* despite his intoxication,[28] and this Court granted dismissal for failure to state a claim upon which relief could be granted.[29] The Supreme Court affirmed for the reasons previously stated regarding the imposition of dram shop liability in this State.

Defendant also relies on the Supreme Court's holding in *Samson v. Smith*.[30] In *Samson*, the defendant was intoxicated after leaving a bar and crashed his vehicle into the rear of appellant's vehicle.[31] There, the Court reiterated: "there is no cause

---

[22] *Id.* at 524 (quoting Restatement (Second) of Torts § 344 (1965)).

[23] *Id.* at 525–26. Citing *Butler v. Acme Markets, Inc.*, 445 A.2d 1141, 1146 (N.J. 1982).

[24] Compl. ¶ 7.

[25] *Id.* ¶ 25.

[26] *Wright*, 437 A.2d at 554-55.

[27] *Id*. at 555.

[28] *Id.*

[29] *Id.*

[30] *Samson v. Smith*, 560 A.2d 1024 (Del. 1989).

[31] *Id.* at 1025.

4

of action against a tavern operator, by a third party *who is injured off the premises* of the tavern by a patron, who became intoxicated at the tavern."[32]

This case is distinguishable from *Wright* and *Samson,* where those involved injuries that took place outside of the establishment and involved additional motor vehicle accidents. In *Wright*, the plaintiff (the intoxicated individual) was injured outside of the establishment when he was struck by a car.[33] In *Samson*, the intoxicated defendant crashed his car into appellant's vehicle.[34] Here, Plaintiff suffered injuries from an assailant who was inside the establishment without an ensuing motor vehicle collision. Lastly, this case is also distinguishable from *McCall v. Villa Pizza, Inc.*, where that patron later drove his vehicle, injuring himself in a single vehicle accident.[35]

At first blush, the facts of this case are more aligned with *Eastridge v. Thomas* where defendant struck plaintiff in the face after an altercation ensued within the establishment.[36] There, this Court held that "[t]he testimony by both Eastridge and Thomas concerning their exchange of words, the refusal of the manager to allow the barmaid to call the police . . . , and the continued dispensing of alcoholic beverages to [plaintiff] and [defendant] . . . clearly raises a factual issue [which may preclude granting summary judgment]."[37] In *Eastridge*, this Court reasoned that an establishment "has a duty to exercise reasonable care to discover and protect patrons from reasonably foreseeable harm inflicted by other patrons."[38]

Notably, *Eastridge* was decided during the summary judgment stage, as were all the cases cited by Defendant. The benefit of discovery here is appropriate. Thus, Defendant's Motion to Dismiss is **DENIED**.

Sincerely,

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

---

[32] *Id.* at 1028 (emphasis added).
[33] *Wright*, 437 A.2d at 555.
[34] *Samson*, 560 A.2d at 1024.
[35] *McCall v. Villa Pizza, Inc,* 636. A.2d 912 (Del. 1994).
[36] *Eastridge v. Thomas*, 1987 WL 9605, at *1 (Del. Super. Ct. 1987).
[37] *Id.* at *2.
[38] *Id.*