# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| GREGORY L. BARNES and | ) | |
| AMBER N. BARNES | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. S23C-04-007 |
| | ) | |
| KEVIN M. HOOPER, and | ) | |
| HARRINGTON RACEWAY, INC. | ) | |
| d/b/a HARRINGTON RACEWAY & | ) | |
| CASINO | ) | |
| Defendants. | ) | |
| | ) | |

Submitted: October 13, 2023
Decided: January 12, 2024

*Upon Defendant Harrington Raceway's Motion to Dismiss Plaintiff's Complaint,*
**GRANTED.**

## MEMORANDUM OPINION

Ross C. Karsnitz, Esq. (argued), Matthew R. Fogg, Esq., Keith Donovan, Esq., Morris James, LLP, 107 West Market Street, Georgetown, DE 19947. *Attorney for Plaintiffs*.

Susan List Hauske, Esq., Tybout, Redfearn & Pell, 501 Carr Road, Suite 300, Wilmington, DE 19809. *Attorney for Defendant Harrington Raceway, Inc. d/b/a Harrington Raceway & Casino*.

Paul D. Sunshine, Esq., Reger Rizzo & Darnall, LLP, Brandywine Plaza West, 1521 concord Pike, Suite 305, Wilmington, DE 19803. *Attorney for Defendant Kevin M. Hooper*.

**Robinson, J.**

Defendant Harrington Raceway, Inc. d/b/a Harrington Raceway & Casino ("Harrington") moves to dismiss the complaint filed by Plaintiffs Gregory L. Barnes ("Barnes") and Amber N. Barnes (together with Barnes, "Plaintiffs"). The complaint alleges negligence and vicarious liability after Harrington's security personnel made Defendant Kevin Hooper ("Hooper"), who was apparently intoxicated, leave Harrington's premises resulting in an accident where Barnes was seriously injured. Harrington argues that Delaware caselaw is clear that there is no social host or dram shop liability in Delaware and that an injured third party cannot bring an action against a business for an accident that occurs off-premises. Harrington's motion to dismiss is **GRANTED.**

## I.    BACKGROUND

The facts cited are taken from the Plaintiffs' complaint. On June 16, 2022, Hooper exited Harrington's premises in his car onto Route 13 and struck Barnes who was driving his motorcycle. Barnes suffered serious injuries, including the amputation of his right leg and a cervical spine injury. Prior to the accident, Harrington's security personnel located Hooper asleep in his vehicle that was parked in a handicapped spot in Harrington's parking lot. Hooper had an open bottle of vodka in his lap along with an empty beer can in the center console, indicating that

he was under the influence of alcohol.[1] Harrington's security personnel woke Hooper and removed the alcohol from his vehicle but did not call the police or try to stop Hooper from leaving Harrington's premises.[2] The complaint does not claim that Hooper entered the casino or that Harrington served him alcohol.

Harrington filed its motion to dismiss arguing that it owed no duty to Hooper for a drunk-driving accident that happened off its premises. Harrington relies on *Connolly v. Theta Chi Fraternity*[3] and *McCall v. Villa Pizza*.[4]

Plaintiffs respond that Harrington should not benefit from Delaware's protections from dram shop liability because Harrington did not serve alcohol to Hooper. Plaintiffs argue that Restatement (Second) of Torts § 302A, §302B, and §324A ("Section 324A") impose a duty on Harrington's security personnel to prevent a foreseeable harm—i.e., that an intoxicated driver would injure someone in an accident—by not preventing Hooper from leaving the premises or not calling the police to report a possible crime.[5] Further, Plaintiffs allege that once the security

---

[1] Comp. D. I. 1, ¶ 15-16, at 3. Plaintiff's response to the motion to dismiss states that Hooper pleaded guilty to driving under the influence and vehicular assault. Pl. Resp. D. I. ¶ 2.

[2] The complaint states that Harrington "did nothing to stop [Hooper] from driving away." Paragraph 19. In their response to the motion to dismiss, however, Plaintiffs allege that Harrington "forced" and "demanded" Hooper leave. Pl. Resp. D.I. ¶¶ 2, 12. As discussed below, this distinction does not matter.

[3] 2018 WL 1137587 (Del. Super. Ct., Feb. 28, 2018).

[4] 636 A.2d 912 (Del. 1994).

[5] Comp. D. I. 1, ¶ 28(c)(d), at 7.

officers intervened by waking Hooper and removing the alcohol from his vehicle, they assumed a duty to prevent a foreseeable harm.[6]

## II.  STANDARD OF REVIEW

Under Superior Court Civil Rule 12(b)(6), the court will dismiss a complaint if it fails to state a claim upon which relief can be granted.[7] "Dismissal is warranted only when "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted.""[8] However, the court need not "accept every strained interpretation of the allegations proposed by the plaintiff."[9]

## III.  DISCUSSION

### A. Defendant Harrington Raceway owed no duty to Plaintiffs.

In *Samson v. Smith*, the Delaware Supreme Court held that "there is no cause of action against a tavern operator, by a third party who is injured off the premises of the tavern by a patron, who became intoxicated at the tavern.[10] The Court noted that the General Assembly was better suited to determine the scope of any future

---

[6] Comp. D. I. 1, ¶ 17, at 4.
[7] Del. Super. Ct. Civ. R. 12(b)(6).
[8] *Murray v. Mason*, 244 A.3d 187, 192 (Del. Super. Ct. Dec. 16 2020).
[9] *Id.*
[10] 560 A.2d 1024, 1028 (Del. 1989).

dram shop statute.[11] The General Assembly has not taken on the task of revising Delaware's social host and dram shop liability protections and, despite repeated opportunities to revisit those protections since *Samson*, the courts have not done so.[12]

Here, Plaintiffs argue that because Harrington did not serve Hooper alcohol, this is not a dram shop case.[13] Instead, Plaintiffs argue that their case is based on negligent acts by Harrington's trained security personnel and the Restatement (Second) of Torts §302A, §302B, and §324A.[14] The problem for Plaintiffs is that while dram shop protections generally concern the sale and consumption of alcohol, those protections are also firmly rooted in premises liability. As this court noted in *Connolly*, "It seems tautological to say that in order for a business to be liable to a plaintiff on a theory of premises liability, the claimed injury must have occurred on the business' premises."[15] And the *Connolly* court further noted "it is the consumption of alcohol, not the sale of alcohol that is the proximate cause of any

---

[11] *Smith*, 560 A.2d at 1027. *See also Wright v. Moffitt*, 437 A.2d 554, 556 (Del. 1981) ("In our opinion, the creation of a cause of action against one who is licensed to sell alcoholic beverages, under the circumstances alleged here, involves public policy considerations which can best be considered by the General Assembly.").

[12] *Oakes v. Megaw*, 656 A.2d 914 (Del. 1989), *McCall v. Villa Pizza, Inc.*, 636 (A.2d 912 (Del. 1994), *Shea v. Matassa*, 918 A.2d 1090 (Del. 2007).

[13] Pl. Resp. at ¶5.

[14] Restatement (Second) of Torts § 324A (1965) ("One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if: (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.")

[15] *Connolly*, 2018 WL 1137587, at *8.

injuries sustained or caused by the intoxicated person."[16] It would be illogical for a dram shop to receive greater protections when it *serves* alcohol to a patron than when it *didn't serve* alcohol to the patron.

In *Connolly*, an underage University of Delaware student was hit by a car and killed after voluntarily leaving a party hosted off campus.[17] In that case—as in the present case—there was no evidence that the student consumed alcohol during the party but an autopsy revealed he had a high blood alcohol content.[18] His parents sued several defendants, including the university, the sorority that hosted the party, the conference center where the party was located, and the catering company. This court granted the defendants' motion for summary judgment, finding that the defendants owed no duty to the student in accordance with Delaware's dram shop liability protections. *Connolly* discusses the issue of duty at length. There, the plaintiffs argued that the defendants either owed or assumed a duty to the deceased student "to manage and oversee the activities of the Sorority in a reasonably prudent manner in general" with respect to the events involving alcohol.[19] The court rejected that argument. The *Connolly* court also considered a situation similar to the one in this case: that the defendants breached a duty when it failed to prevent the intoxicated

---

[16] *Connolly*, 2018 WL 1137587, at *10.
[17] *Id.* at *2.
[18] *Id.* at *1.
[19] *Id.* at *11.

student from leaving the premises. The *Connolly* court noted that this attempt to impose liability through an assumption of duty was "an impermissible attempt to circumvent Dram Shop immunity, something which Delaware has never permitted."[20]

In the present case, as in *Connolly*, Harrington did not owe a duty to anyone off premises where the accident occurred. Without a duty, there can be no breach, so no reasonable interpretation of the complaint states a claim for which relief might be granted.

**B. Section § 324A does not create a duty on which the plaintiffs can rely upon.**

Plaintiffs allege that because Harrington's security personnel intervened by waking Hooper and taking his alcohol, they assumed a duty to Plaintiffs under Section 324A. Attempts to circumvent the lack of dram shop liability using Section 324A have failed in previous cases. In *McCall*, the Delaware Supreme Court refused to create a cause of action applicable to alcohol providers under Section 324A because "the application of 324 to the facts of this case is foreclosed by this Court's repeated refusal to impose dram shop liability."[21] Further, Section 324A requires that one undertake "gratuitously or for consideration, to render services to another .

---

[20] *Connolly*, 2018 WL 1137587, at *11.
[21] 636 A.2d at 914.

7

. .” but Harrington rendered no services to Hooper. In *McCall*, the employee forcibly removed the intoxicated patron by taking him by the arm and leading him outside. That scenario is more of a “service” than what Harrington did in this case, and the Court did not find any duty once the patron left the premises. Further, the employee in *McCall* blatantly disregarded the business's policy that, in situations with an intoxicated patron, an employee was to call for transportation, notify a manager, and to stay with a patron until transportation was arranged. Harrington's limited interaction with Hooper is not sufficient to be considered a “service” as required by Section 324A. Therefore, Harrington owed no duty to a third party off-premises.

## IV.    CONCLUSION

Plaintiffs have failed to state a claim upon which relief can be granted, so therefore Harrington's motion to dismiss must be **GRANTED.**

**IT IS SO ORDERED.**