# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GREGORY L. BARNES and<br>AMBER N. BARNES<br>　　　Plaintiffs, | )<br>)<br>)<br>) | |
| | ) | |
| 　　　v. | ) | C.A. No. S23C-04-007 RHR |
| | ) | |
| KEVIN M. HOOPER, and<br>HARRINGTON RACEWAY, INC.<br>d/b/a HARRINGTON RACEWAY &<br>CASINO<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | |

Submitted: January 19, 2024
Decided: February 6, 2024

## ORDER DECLINING TO CERTIFY
## DEFENDANT HARRINGTON RACEWAY'S
## CERTIFICATION OF INTERLOCUTORY APPEAL

Upon consideration of Plaintiffs Gregory and Amber Barnes' Application for Certification of Interlocutory Appeal, it appears to this court that:

1.　In their complaint, Gregory and Amber Barnes ("Plaintiffs") claimed that Defendant Harrington Raceway, Inc. ("Harrington") was negligent when Harrington's security personnel allowed—or possibly forced—Defendant Kevin Hooper, who was apparently intoxicated, leave Harrington's premises resulting in the accident where Gregory Barnes was severely injured.

2. On June 13, 2023, Harrington filed a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6), invoking protection under Delaware's dram shop caselaw. This court held oral argument on October 13, 2023, and later granted Harrington's motion in a memorandum opinion.[1]

3. Plaintiffs filed their Application for Certification of Interlocutory Appeal on January 19, 2024. Harrington did not respond.

4. Supreme Court Rule 42(b)(i) provides that "[n]o interlocutory appeal will be certified by the trial court or accepted by [the Delaware Supreme] Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[2] Interlocutory appeals are not routinely granted because they "disrupt the normal process of litigation…"[3] The trial court, in deciding to certify an interlocutory appeal, must also consider: (1) the eight factors listed in Supreme Court Rule 42(b)(iii);[4] (2) "the most efficient and just

---

[1] *Barnes v. Hooper*, 2024 WL 165987 (Del. Super. Ct. Jan. 12, 2024).
[2] Supr. Ct. R. 42 (b)(i).
[3] Supr. Ct. R. 42 (b)(ii).
[4] (A) The interlocutory order involves a question of law resolved for the first time in this State;
(B) The decisions of the trial courts are conflicting upon the question of law;
(C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
(D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
(E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
(F) The interlocutory order has vacated or opened a judgment of the trial court;
(G) Review of the interlocutory order may terminate the litigation; or

schedule to resolve the case[;]" and (3) "whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice."[5]

5.     The substantial issue requirement is met when an interlocutory order "decides a main question of law which relates to the merits of the case, and not to collateral matters."[6] In addition, a legal right must have been established when the trial court "determined an issue essential to the positions of the parties regarding the merits of the case."[7] This court finds that granting Harrington's motion to dismiss decided a substantial issue of material importance because it considered the merits of the case, not collateral matters.

6.     Once the substantial issue threshold is met, this court must then balance the factors in Rule 42(b)(iii). Plaintiffs claim that their application satisfies Supreme Court Rules 42(b)(iii)(A), (G), and (H).

7.     First, Plaintiffs contend they meet the criteria of Supreme Court Rule 42(b)(iii)(A) because Restatement Section 324A ("324A") has never been applied to security personnel who directed an intoxicated person to leave a premises. But a similar argument was made and rejected in *McCall v. Villa Pizza*.[8] In *McCall*, the

---

(H) Review of the interlocutory order may serve considerations of justice.
[5] Supr. Ct. R. 42 (b)(iii)(H).
[6] *Sprint Nextel Corp., v. iPCS, Inc.,* 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008).
[7] *Id.*
[8] *McCall v. Villa Pizza*, 636 A.2d 912, 915 (Del. 1994).

court decided a 324A claim when an establishment provided alcohol to a patron and then removed him from its premises, in violation of its own policy to call a cab for intoxicated patrons.[9] Delaware's well-established caselaw does not allow a business to be held reasonable for torts committed off the business' premises.[10] This factor does not favor certification.

8.     Second, Plaintiffs contend they meet the criteria of Supreme Court Rule 42(b)(iii)(G) because interlocutory review may terminate the litigation. It is true that this court's decision terminates the litigation against Harrington, but Plaintiffs' claims against Defendant Hooper remain pending. As Plaintiffs acknowledge in their Application for Certification, because Defendant Hooper remains in the litigation the case will proceed to judgment and they will then have the ability to appeal the granting of Harrington's motion to dismiss.[11] On the other hand, Plaintiffs are correct that *if* they are successful on appeal, then the case would likely need to be retried. On balance, this factor does not weigh in favor of certification.

9.     Finally, Plaintiffs contend they meet the criteria of Supreme Court Rule 42(b)(iii)(H)—that interlocutory review would serve the considerations of justice— because Gregory Barnes has incurred hundreds of thousands of dollars in medical

---

[9] *Id.* ("Our holding that Restatement § 324 cannot serve as a substitute for dram shop liability is limited to the fact situation under review, i.e., injury resulting from removal of an intoxicated person from a tavern.")

[10] *Samson v. Smith*, 560 A.2d 1024, 1028 (Del. 1989).

[11] D. I. 25, ¶ 11.

expenses and the driver, Hooper, has insufficient insurance to cover those costs. Plaintiffs claim that without Harrington as a party, meaningful recovery is not possible. While this court is very cognizant of the painful injuries that Gregory Barnes suffered—and will continue to suffer—it must not allow sympathy to outweigh the well-settled caselaw of this State and to allow a cause of action to go forward when the Delaware legislature has declined the opportunity to allow for such a cause of action. Expenses alone do not justify certification. Accordingly, this factor does not favor certification.

10.    Finally, this court concludes that any potential benefits of interlocutory review are substantially outweighed by the inefficiency, disruption, and cost of an interlocutory appeal. Therefore, the application to certify this court's January 14, 2024, decision to the Delaware Supreme Court in accordance with Supreme Court Rule 42 is hereby **DENIED.**

    **IT IS SO ORDERED.**

/s/ Robert H. Robinson, Jr.
Judge