IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GREGORY L. BARNES and AMBER N. BARNES, | § § § | No. 476, 2024 |
| Plaintiffs Below, Appellants, | § § § | Court Below: Superior Court of the State of Delaware |
| v. | § § | C.A. No. S23C-04-007 |
| KEVIN M. HOOPER, and HARRINGTON RACEWAY, INC. d/b/a HARRINGTON RACEWAY & CASINO, | § § § § § | |
| Defendants Below, Appellees. | § § § | |

Submitted: May 21, 2025
Decided: June 4, 2025

Before **SEITZ**, Chief Justice; **TRAYNOR** and **LEGROW**, Justices.

## **ORDER**

The Court, having considered the briefs and record on appeal, rules as follows:

(1)    Gregory L. Barnes and his wife, Amber N. Barnes, appeal a Superior Court judgment dismissing their personal injury complaint against Harrington Raceway, Inc.  The Barneses contend that the Superior Court erred when it held that Harrington Raceway was not liable for Gregory Barnes' injuries after he collided with Gregory Hooper, an impaired driver who left the raceway's property before the collision.  We disagree and affirm the Superior Court's judgment.

(2) As alleged in the complaint, on June 16, 2022, around 9 p.m., Harrington Raceway security received a report of a person passed out in a car parked in a handicapped spot in the raceway parking lot. They found Kevin Hooper in the car, woke him up, took an open bottle of vodka from between his legs and a large empty beer can from the center console. Security did not call the police or stop Hooper from driving away. The Barneses did not allege that Hooper consumed alcohol in the casino or bought alcohol from Harrington Raceway that night.

(3) Hooper drove out of the Harrington Raceway parking lot to State Route 13. Gregory Barnes was riding his motorcycle southbound on the highway. As Hooper was crossing the highway to reach the northbound lanes, he struck Barnes. Barnes suffered serious injuries, including the loss of his right leg and spinal cord injuries.

(4) On April 12, 2023, the Barneses filed a complaint in the Superior Court. As to Hooper, they alleged that he was negligent for driving his car while intoxicated and striking Barnes, causing his injuries. As to Harrington Raceway, they alleged it was negligent for not preventing Hooper from leaving the Harrington Raceway property while intoxicated. The Barneses sought damages for Mr. Barnes' injuries and loss of consortium for Barnes' wife.

2

(5)     The Superior Court granted Harrington Raceway's motion to dismiss.[1] First, the court held that it has long been Delaware law that a business serving alcohol – in legal terms a "dram shop" – is not liable for a third party's off-premises injuries caused by an intoxicated tavern patron.  And, the court observed, the General Assembly has not, so far, adopted a dram shop law imposing liability on businesses serving alcohol to patrons who cause harm to themselves or others.  Even though the Barneses disavowed dram shop-based liability and sought to distinguish their case on the grounds that Harrington Raceway did not serve alcohol to Hooper, the court held that "[i]t would be illogical for a dram shop to receive greater protections when it *serves* alcohol to a patron than when it *didn't serve* alcohol to the patron."[2]

(6)     The court also ruled that the Barneses' tort claim under the Restatement lacked merit.  Although Harrington Raceway security personnel woke up Hooper and confiscated his alcohol, the court held that Harrington Raceway did not assume a duty to exercise reasonable care or increase the risk of harm to others under § 324A of the Restatement (Second) of Torts.  As the court held, although a duty can be assumed when a person "gratuitously or for consideration, renders services to another,"[3] Harrington Raceway security personnel did not render any

---

[1] Hooper did not defend the action.  The court entered judgment against him for $10 million.
[2] *Barnes, et al. v. Hooper, et. al.*, 2024 WL 165987, at *2 (Del. Super. Ct. Jan. 12, 2024*), cert. denied*, 2024 WL 467378 (Del. Super. Ct. Feb. 6, 2024), *and interlocutory appeal refused*, 2024 WL 1261874 (Del. Mar. 26, 2024) (emphasis in original) [hereafter the Opinion].
[3] *Id.* at *3.

3

services to Hooper. The court concluded that "[w]ithout a duty, there can be no breach, so no reasonable interpretation of the complaint states a claim for which relief might be granted."[4]

(7) On appeal, the Barneses argue that the Superior Court erred by expanding Delaware's common law dram shop immunity beyond those who serve alcohol. The Barneses also claim that the Superior Court did not draw factual inferences in the Barneses' favor and incorrectly rejected the Barneses' other theories of liability, including premises liability.

(8) "This Court reviews a decision to grant a motion to dismiss under Rule 12(b)(6) *de novo* 'to determine whether the trial judge erred as a matter of law in formulating or applying legal precepts.'"[5] Under Superior Court Civil Rule 12(b)(6), a complaint will be dismissed if it fails to state a claim upon which relief can be granted.[6] We accept all well-pleaded allegations as true, and construe the facts in a light most favorable to the plaintiff.[7] The court "need not, however, accept

---

[4] *Id.*

[5] *Country Life Homes, LLC v. Gellert Scali Busenkell & Brown, LLC*, 259 A.3d 55, 59 (Del. 2021) (quoting *Clinton v. Enter. Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009)).

[6] Del. Super. Ct. Civ. R. 12(b)(6); *see also Murray v. Mason*, 244 A.3d 187, 192 (Del. Super. Ct. Dec. 16 2020) (recognizing that "[d]ismissal is warranted only when 'under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted.'" (internal citations omitted)).

[7] *Murray*, 244 A.3d at 192.

4

conclusory allegations that lack factual support, nor 'accept every strained interpretation of the allegations proposed by the plaintiff.'"[8]

(9)　　To state a negligence claim, a plaintiff must establish that the defendant owed a duty of care, that duty of care was breached, the plaintiff was injured, and the breach was the proximate cause of the plaintiff's injuries.[9]  At the motion to dismiss stage, Superior Court Civil Rule 9(b) requires the plaintiff to plead particularized facts which establish a legal duty of care.[10]  Whether a duty of care exists is a legal question, which this court reviews *de novo*.[11]  If there is no duty, then there is no breach of the duty.[12]

(10)　　It is true, as the Barneses claim, that Delaware common law dram shop immunity usually protects businesses and social hosts who sell or serve alcohol.[13]  Our Court has, however, applied dram shop immunity to the acts of non-

---

[8] *Id.* (quoting *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006)).
[9] *See Riad v. Brandywine Valley SPCA, Inc.*, 319 A.3d 878, 889 (Del. 2024) (citing *Ridgeway v. Acme Markets, Inc.*, 194 A.3d 372 (Del. 2018)).
[10] Del. Super. Ct. Civ. R. 9(b) ("In all averments of fraud, negligence or mistake, the circumstances constituting fraud, negligence or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally.").
[11] *See Doe 30's Mother v. Bradley*, 58 A.3d 429, 443 (Del. Super. 2012).
[12] *See* Op. at *3.
[13] *See Connolly v. Theta Chi Fraternity, Inc.*, 2018 WL 1137587, at *1 (Del. Super. Ct. Feb. 28, 2018), *aff'd sub nom. Connolly v. Alpha Epsilon Phi Sorority*, 198 A.3d 179 (Del. 2018); *Shea v. Matassa*, 918 A.2d 1090, 1095-96 (Del. 2007); *Acker v. S.W. Cantinas, Inc.,* 586 A.2d 1178, 1180 (Del.1991); *Oakes v. Megaw,* 565 A.2d 914, 916 (Del.1989); *Samson v. Smith,* 560 A.2d 1024, 1027 (Del. 1989); *Wright v. Moffitt,* 437 A.2d 554, 556 (Del. 1981); *DiOssi v. Maroney*, 548 A.2d 1361, 1364 (Del. 1988).

servers – for instance, a bar bouncer who removed a patron from the premises.[14]

And we have been skeptical of attempts to avoid dram shop immunity by invoking other theories of liability.[15] Thus, the Superior Court was not off base when it noted the asymmetry that would result if businesses and social hosts that serve alcohol are treated more favorably under our tort law than business owners who do not.[16] In any event, as explained next, even if we were to distinguish this appeal because it does not involve serving alcohol, the Superior Court properly dismissed the Barneses' arguments under § 324A of the Restatement.[17]

(11) The Restatement (Second) of Torts § 324A imposes a duty to exercise reasonable care if someone "undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things[.]"[18] If the duty is imposed, the person rendering services "is subject to liability to the third person for physical harm

---

[14] *See, e.g.*, *McCall v. Villa Pizza, Inc.*, 636 A.2d 912, 915 (Del. 1994) (the court "decline[d] to permit McCall to avoid our dram shop liability holdings by alleging negligence, not in Villa Pizza's serving of alcohol, but in its forcible removal of him from the premises and without providing safe transportation.").

[15] *See id.* at 913; *Connolly*, 2018 WL 1137587, at *11-13; *Wright*, 437 A.2d at 557-59.

[16] *See* Op. at *2.

[17] The Barneses argue on appeal that they have other viable recovery theories under the Restatement and common law. In the Superior Court, however, the Barneses only raised Restatement § 324A. Dkt. Item 14. Under Supreme Court Rule 8, we will not consider arguments raised for the first time on appeal.

[18] Restatement (Second) of Torts § 324A (1965).

6

resulting from his failure to exercise reasonable care to protect his undertaking, if . . . his failure to exercise reasonable care increases the risk of such harm[.]"[19]

(12)     Pleading an undertaking or assumption of a duty is a necessary first step under § 324A.[20]  The duty must arise from the assumption of a responsibility or obligation, not a failure to undertake a duty.[21]  Here, as the Superior Court correctly found, Harrington Raceway security did not "undertake . . . to render services" to Hooper.  To the contrary, the Barneses alleged only that Harrington Raceway security failed to stop Hooper from driving away.

(13)   The Barneses argue that § 324A requires only an "undertaking" to render services and not "the rendering of services."[22]  It is unclear how that distinction makes a difference in this case.  They rely on *Doe 30's Mother v.*

---

[19] *Id.*

[20] *See Patton v. Simone*, 626 A.2d 844, 849 (Del. Super. Ct. 1992) (formally adopting § 324A under Delaware law and holding that the "threshold requirement for the application of section 324A" is a showing that the defendant "assumed an obligation or intended to render services for the benefit of another."); *see also Murray v. Mason*, 2021 WL 2742595, at *2 (Del. Super. Ct. June 30, 2021) ("The Restatement (Second) contemplates a § 324A undertaking as one that is tailored specifically toward, or, at the very least, has a logical connection to, the third party in question.").

[21] *See, e.g.*, *Patton*, 626 A.2d at 849 (holding that an inspector commissioned by insurance carriers to inspect a building did not undertake a duty under § 324A to render services to a third party who fell down an open elevator shaft. "The plaintiff must show more than an inspection and loss prevention. It must be shown that the defendant . . . assumed an obligation or intended to render services for the benefit of another." (citations omitted)); *see also Dunfee v. KGL Holdings Riverfront, LLC*, 2019 WL 1975633, at *5 (Del. Super. Ct. Apr. 30, 2019) (holding that a "threshold requirement for the application of [§] 324A" is that "a plaintiff alleges that a defendant 'affirmatively committed to undertake' to render services to another," (quoting *Patton*, 626 A.2d at 849; *Doe 30*, 58 A.3d at 437)).

[22] Opening Br. at 18.

*Bradley*.[23]  But *Doe 30* is unhelpful because an affirmative undertaking occurred in that case – an assurance that certain defendants would investigate reports that a physician had engaged in sexual misconduct with patients.[24]  *Doe 30* confirms that there must be an "affirmative act" to trigger a duty under § 324A, not a failure to act as alleged in this case.[25]

(14)   The Barneses also try to distinguish *McCall v. Villa Pizza, Inc.*, in which this Court held that § 324 "cannot serve as a substitute for dram shop liability" for "injury resulting from the removal of an intoxicated person from a tavern."[26]  The Barneses are correct that, in *McCall*, our Court was careful to limit its decision to the facts of the case and noted that "other situations may warrant application of the principles of 324 or its equivalent."[27]  But nothing in either *Doe 30* or *McCall* excused the requirement that an affirmative undertaking occur before liability can be imposed under § 324A.  And in *Connolly v. Theta Chi Fraternity, Inc.*, the Superior Court held that a sorority undertook to provide services by offering bus transportation from an off-campus event.[28]  Here, as the Superior Court held,

---

[23] 58 A.3d at 458.

[24] *Id*.

[25] *Doe 30*, 58 A.3d at 458 ("defendants engaged in an 'affirmative act,' i.e., partial performance of their undertaking to consider [the] reports and to take the 'appropriate action.' These allegations adequately plead an 'undertak[ing] . . . to render services to another which he should recognize as necessary for the protection of a third person' under Restatement Second § 324A." (citations omitted)).

[26] 636 A.2d 912, 915 (Del. 1994).

[27] *Id*.

[28] *Connolly*, 2018 WL 1137587.

Harrington Raceway security did not undertake to render any services to Hooper. Section 324A does not apply. The Superior Court properly granted Harrington Raceway's motion to dismiss.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

9